it must be ruled that it does not justify the present motion.

The motion for an examination as to the mental and physical condition of the plaintiff is overruled. An exception is allowed to the defendant.

## SAMPSON v. CHANNELL.
### No. 7051.

District Court, D. Massachusetts.
Feb. 27, 1939.

James T. Connolly, of Boston, Mass., for plaintiff.

Thompson & Twomey, Hubert C. Thompson, and Richard J. Dunn, all of Boston, Mass., for defendant.

McLELLAN, District Judge.

The following may be taken, transcribed, and filed with the papers in the case.

The plaintiff moves that the verdict of the jury and the judgment for the defendant be set aside because the verdict is against the evidence.

This case was tried with that of the plaintiff's wife, Anne L. Sampson,

against the same defendant. 27 F.Supp. 213. In each case the jury found negligence on the part of the defendant's testator. Presumably they found that Albert E. Sampson (who was driving the motor vehicle which was in collision with the motor vehicle then belonging to and driven by the defendant's testator) was not in the exercise of due care. Though under Maine decisions mere skidding of a car is not of itself evidence of negligence, I think that under all the circumstances presented by the evidence the question of Mr. Sampson's contributory negligence was for the jury, and that their verdict for the defendant is not so clearly wrong as to require a new trial.

The plaintiff's motion for a new trial is denied.

## SAMPSON v. CHANNELL.
### No. 7052.

District Court, D. Massachusetts.
Feb. 27, 1939.

